UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| EEE Minerals, LLC, and Suzanne Vohs as Trustee for The Vohs Family Revocable Living Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>State of North Dakota, the Board of University and School Lands of the State of North Dakota, and Jodi A. Smith as Commissioner for the Board of University and School Lands of the State of North Dakota,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiffs EEE Minerals, LLC, and Suzanne Vohs as Trustee for The Vohs Family Revocable Living Trust, for their cause of action against the Defendants, the State of North Dakota, the Board of University and School Lands of the State of North Dakota, and Jodi A. Smith as Commissioner of the Board of University and School Lands of the State of North Dakota, state and allege as follows:

**PARTIES**

1. Plaintiff, EEE Minerals, LLC ("EEE Minerals"), is a limited liability company registered with the North Dakota Secretary of State, which owns certain mineral interests in McKenzie County, North Dakota.

2. Plaintiff, Suzanne Vohs as Trustee for The Vohs Family Revocable Living Trust ("Vohs Trust"), is a resident of the State of California. The Vohs Trust was formed in the State

of California. The Vohs Trust owns certain minerals interests in McKenzie County, North Dakota.

3. Defendants, the State of North Dakota and the Board of University and School Lands of the State of North Dakota (the "State"), claim an interest, right, and title to the McKenzie County mineral interests owned by the Vohs Trust and EEE Minerals.

4. Defendant, Jodi A. Smith, is the Commissioner of the Board of University and School Lands of the State of North Dakota.

## JURISDICTION AND VENUE

5. This action arises under the United States Constitution, and jurisdiction is conferred on this Court under 28 U.S.C. § 1331.

6. Personal jurisdiction exists over the defendants under Fed.R.Civ.P. 4(k)(1)(A) and N.D.R.Civ.P. 4(b)(1).

7. The Court is authorized to grant declaratory judgment and injunctive relief under 28 U.S.C. §§ 2201 and 2202 with respect to the Plaintiffs' claims.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this District and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

9. This dispute involves the State's unlawful taking of the Vohs Trust and EEE Minerals' property by the State and Commissioner Smith under the color of state law, namely, N.D.C.C. §§ 61-33.1-01 to 61-33.1-05 (the "State Ownership of Missouri Riverbed Act"). The State and Commissioner Smith have violated, and are violating, the Vohs Trust and EEE

2

Minerals' rights protected and secured by the Fifth Amendment of the United States Constitution and the laws of the United States.

10.     The property at issue, owned by the Vohs Trust and EEE Minerals, consists of the oil, gas, and other minerals in, on, or underlying certain McKenzie County property (hereafter, the "Property"), specifically, to-wit:

<u>Township 153 North, Range 101 West</u>
Section 6: Lot 10
Section 7: Portions of Lots 1, 4, and 5, described on a deed recorded in Book 87, page 505, in the office of the McKenzie County Register of Deeds

11.     The Vohs Trust and EEE Minerals have owned the Property since at least 1957, when the United States acquired the surface of the Property from them for the Garrison Project and Lake Sakakawea.

12.     The surface of the Property was acquired by the United States, through the United States Army Corps of Engineers ("USACE"), under the authority of the Flood Control Act of 1944, Public Law 534, 78th Congress, 2nd session (P.L. 78-534, the "Flood Control Act of 1944"). The United States acquired fee title to all surface land that would be inundated when Lake Sakakawea reached full pool at 1,854 feet msl (mean sea level), which included the Property. The State did not receive or otherwise acquire any interest in the Property under the Flood Control Act of 1944.

13.     The United States acquired the surface of the Property pursuant to the Flood Control Act of 1944, which is shown as Tract KK3371 in USACE Segment Map KK for the Garrison Project. Tract KK3371 was owned by Henry P. Vohs et al., the Vohs Trust and EEE Minerals' predecessors in interest. There are 276.80 acres in Tract KK3371. A copy of Segment Map KK, which shows the Property as Tract KK3371, is attached as <u>Exhibit A</u>.

14. The oil and gas interests in the Property were reserved by the Vohs Trust and EEE Minerals' predecessors in interest at the time the surface of the Property was acquired by the United States as evidenced by Segment Map KK and that Warranty Deed dated July 24, 1957, recorded at McKenzie County doc. no. 155142, Book 87, Page 505 ("1957 Warranty Deed"). A copy the 1957 Warranty Deed is attached as <u>Exhibit B</u>. According to the 1957 Warranty Deed, the Property consists of 276.80 acres, and all of the oil and gas interests were reserved to the Vohs Trust and EEE Minerals' predecessors in interest under the terms of the deed. The State is not a party to, nor did the State receive any interest in the Property by virtue of, the 1957 Warranty Deed. The number of acres in the 1957 Warranty Deed matches the number of acres in Segment Map KK for the Property.

15. Despite the Flood Control Act of 1944, USACE Segment Map KK, and the 1957 Warranty Deed, whereby the Property was reserved to the Vohs Trust and EEE Minerals' predecessors in interest subject only to the surface rights granted to the United States for the Garrison Project and Lake Sakakawea, the Board of University and School Lands of the State of North Dakota ("Land Board"), and Commissioner Smith claim that the State owns the Property pursuant to the State Ownership of Missouri Riverbed Act.

16. The State does not own any interest in the Property.

17. The Vohs Trust and EEE Minerals have entered into numerous oil and gas leases for the Property since the United States acquired the surface of the Property for the Garrison Project and Lake Sakakawea, including but not limited to those leases recorded with the McKenzie County Recorder's Office at doc. nos. 396124 and 395827, with the latter lease being ratified in 2013 as evidenced by McKenzie County doc. no. 445704.

18. Through their actions under the color of state law, namely, the Ownership of Missouri Riverbed Act, by claiming ownership of the Property, the State and Commissioner Smith have violated the Vohs Trust and EEE Minerals' rights as protected and secured by the Fifth Amendment of the United States Constitution and the laws of the United States.

19. The Ownership of the Missouri River Act, at N.D.C.C. §§ 61-33.1-01 to 61.33.1-05, as used by Commissioner Smith and the Land Board to claim ownership of the Property, is unconstitutional and violates the Fifth Amendment of the United States Constitution and the laws of the United States.

20. The Vohs Trust and EEE Minerals seek injunctive relief from the Court in the nature of a declaratory judgment declaring that the State and Commissioner Smith cannot use the Ownership of the Missouri River Act – nor any other state law, or any survey or study commissioned by the State – to claim ownership of the Property in violation of the Fifth Amendment of the United States Constitution and Flood Control Act of 1944. The Vohs Trust and EEE Minerals further seek an Order enjoining the State and Commissioner Smith from claiming ownership of the Property, and enjoining the State and Commissioner Smith from taking any actions incident with the ownership of the Property that violate the Vohs Trust and EEE Minerals rights in the Property as protected by the Fifth Amendment of the United States Constitution and Flood Control Act of 1944.

## CLAIMS FOR RELIEF

### – COUNT I –
### Conflict with and Preemption by Governing Federal Law

21. The Vohs Trust and EEE Minerals realleges each and every preceding paragraph.

22. The State Ownership of the Missouri Riverbed Act (N.D.C.C. §§ 61-33.1-01 to 61-33.1-05), violates the Supremacy Clause, Article VI, Clause 2, of the United States Constitution, which states that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the supreme Law of the land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

23. The State Ownership of the Missouri Riverbed Act conflicts in substantial part with, and is therefore preempted, by the Fifth Amendment of the United States Constitution and the Flood Control Act of 1944. Under the Flood Control Act of 1944, the United States acquired the surface of the Property, but allowed the Vohs Trust and EEE Minerals to reserve the Property subject only to the right of the United States to flood or inundate the surface of the Property for the Garrison Project and Lake Sakakawea. The conflict lies in the fact that Congress specifically provided for the acquisition of the Property subject to the Vohs Trust and EEE Minerals' predecessors retaining their mineral interests in the Property, with no rights therein being granted to the State. The conflict prevents the achievement of the Congressional purpose underlying the Flood Control Act of 1944.

– COUNT II –
**Violation of the Fifth Amendment of the United States Constitution**

24. The Vohs Trust and EEE Minerals realleges each and every preceding paragraph.

25. The Vohs Trust and EEE Minerals have suffered a physical invasion of their Property, and a complete violation of their Property rights, because of the State asserting that it owns the Property by virtue of the State Ownership of Missouri Riverbed Act. The State's

6

actions have destroyed the Vohs Trust and EEE Minerals' property rights, and deprived the Vohs Trust and EEE Minerals of all benefits stemming from their ownership of the Property.

26. The State has not paid any compensation to the Vohs Trust or EEE Minerals for its unconstitutional taking of the Property in violation of the United States Constitution.

27. No statutes enacted by the State, including the State Ownership of Missouri Riverbed Act, nor any study or survey commissioned by the State, can deprive the Vohs Trust and EEE Minerals of their ownership of the Property without violating the Fifth Amendment of the United States Constitution.

28. The State claiming ownership of the Property by virtue of the State Ownership of Missouri Riverbed Act is an unconstitutional taking violating the Fifth Amendment of the United States Constitution, which has damaged the Vohs Trust and EEE Minerals, and has deprived the Vohs Trust and EEE Minerals of their Property and all rights incident thereto.

29. The Constitution and laws of the United States preempt the ability of the State to claim ownership of the Property by virtue of the State Ownership of Missouri Riverbed Act, or any other action by the State under the color of state law.

– COUNT III –
**Declaratory Judgment**

30. The Vohs Trust and EEE Minerals realleges each and every preceding paragraph.

31. There is a real and actual controversy between the Plaintiffs and Defendants regarding whether the State Ownership of Missouri Riverbed Act is preempted by federal law and is unconstitutional.

32. The Land Board and Commissioner Smith claiming that the State owns the Property as a result of the State Ownership of Missouri Riverbed Act, and/or any other state law,

state commissioned survey, or study done under the color of state law, violates the Fifth Amendment of the United States Constitution and Flood Control Act of 1944.

33. Pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed.R.Civ.P. P. 57, the Vohs Trust and EEE Minerals request a declaration by the Court that an unconstitutional taking has occurred by virtue of the Land Board and Commissioner Smith's actions under the color of state law in claiming ownership of the Property, and that the Land Board and Commissioner Smith be enjoined from claiming ownership of the Property in violation of the Vohs Trust and EEE Minerals' constitutional rights secured and protected by the Fifth Amendment of the United States Constitution, which provides that no person shall "[b]e deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

– COUNT IV –
**Violation of the Civil Rights Act (42 U.S.C. § 1983)**

34. The Vohs Trust and EEE Minerals realleges each and every preceding paragraph.

35. Defendant, Commissioner Smith, is an individual who, under color of statute, ordinance, regulation, custom, or usage, of the State of North Dakota, is subjecting, or caused to be subjected, the Vohs Trust and EEE Minerals to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States – specifically, the Supremacy Clause, and the Fifth Amendment of the United States Constitution.

36. Commissioner Smith's conduct violates 42 U.S.C. § 1983.

37. Without relief from this Court, Commissioner Smith, acting under color of statute, ordinance, regulation, or custom, or usage of the State of North Dakota, will continue to subject,

or cause to be subjected, the Vohs Trust and EEE Minerals to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.

### PRAYER FOR RELIEF

**WHEREFORE**, the Vohs Trust and EEE Minerals respectfully pray this Court for:

1. Declaratory Judgment that the Ownership of Missouri Riverbed Act is preempted by federal law and violates the Constitution and laws of the United States;

2. For an Order enjoining the State, the Land Board, and Commissioner Smith from claiming ownership of the Property by virtue of North Dakota law in violation of the Vohs Trust and EEE Minerals' rights secured by the laws of the United States and the United States Constitution;

3. Awarding damages to the Vohs Trust and EEE Minerals in an amount equal to damages proven at trial;

4. Awarding the Vohs Trust and EEE Minerals their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

5. Any other relief the Court deems just and equitable.

Dated this 1st day of December, 2020.

**VOGEL LAW FIRM**

BY: */s/ Joshua A. Swanson*
Joshua A. Swanson (#06788)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:   jswanson@vogellaw.com
ATTORNEYS FOR PLAINTIFFS

4249214.1